IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINA LOPEZ, | No. C 09-04930 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| HMS HOST, INC., et al., | |
| Defendants. | |

Defendants Host International, Inc. ("Host") and Unite Here! Local 2 ("Local 2") have filed separate motions to dismiss pro se plaintiff Lina Lopez's complaint. Plaintiff has filed a motion to remand this matter to the San Mateo County Superior Court, and defendant Host has filed a motion to strike a declaration and a supplementary memorandum filed in support of the motion to remand. These matters are currently set for hearing on January 15, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court rules as follows.

**BACKGROUND**

This dispute arises from a temporary reduction in plaintiff's seniority in her position as a restaurant server employed by defendant Host, which operates retail concessions at San Francisco International Airport ("SFO"). Complaint at 2. Plaintiff alleges that she was "constructively and wrongfully terminated" by Host on or about December 10, 2008, when she was demoted two slots on the seniority list and thereby "stripped of the possibility of bidding on any full shifts, as she had done for years prior, and reduced to the status of 'on call.'" *Id.* at 8. Plaintiff alleges that she had no notice

of her demotion on the list until, upon attempting to enter a shift bid on December 10, 2008, she was told by her manager that she had dropped two places. *Id.* at 8. Plaintiff alleges that she contacted a representative of her union, Local 2, immediately, but the union took no action on her behalf. *Id.* at 9. Plaintiff alleges that she wrote a letter to the NLRB on December 29, 2008 to complain of the union's inaction, but the NLRB responded that it "could not help 'with Union matters.'" *Id.*; *see also* ex. D to Complaint.

Thereafter, on February 10, 2009, plaintiff attended a meeting with Host, a Local 2 representative, and the two employees who had been placed above her on the seniority list. Plaintiff alleges that at this meeting, the Local 2 representative failed to represent plaintiff's interests, but rather advocated for the two coworkers who had been promoted above plaintiff. *Id.* at 11. After this meeting, plaintiff's original seniority level was restored and she was able to resume full-time work. *Id.* at 12.

Plaintiff's first cause of action, for "wrongful (constructive) termination," is brought against defendant Host, and alleges that Host's actions violated her right to due process as well as her rights under the CBA. *Id.* at 4. Plaintiff's second cause of action, for failure to perform the duty of fair representation, is brought against defendant Local 2. Plaintiff alleges that Local 2 failed to represent her interests after her constructive termination, and indeed "actively opposed" her interests at the February 10, 2009 meeting. *Id.* at 5. Plaintiff's third cause of action, for negligent infliction of emotional distress, is brought against both Host and Local 2. Plaintiff alleges that as a result of defendants' actions, she was unable to support her children or make her mortgage payments, causing her to suffer "great emotional stress." *Id.* at 6. Plaintiff's fourth and final cause of action, asserted against Host only, alleges that plaintiff's constructive termination constituted a breach of the covenant of good faith and fair dealing. Plaintiff seeks compensatory damages in the amount of her two-month reduction in income, $300,000 in compensatory damages and $3,000,000 in exemplary damages in the event she loses her home to foreclosure, $4,000,000 in exemplary damages due to "bad faith and reckless disregard for the CBA," and fees and costs.

Presently before the Court are plaintiff's motion to remand, defendant Host's motion to strike materials submitted in support of the motion to remand, and defendants' separate motions to dismiss.

**DISCUSSION**

**I.      Motion to Strike**

As an initial matter, defendant Host moves to strike two documents submitted in support of plaintiff's motion to remand this matter back to state court:  the "Declaration of William Henshall in re prejudice to Plaintiff in federal court" (Docket No. 18-1) and plaintiff's "Supplementary Points and Authorities in Support of Motion to Remand" (Docket No. 25).

First, Host moves to strike the Henshall Declaration on the ground it does not conform with the requirements of the Local Rules or the Federal Rules of Civil Procedure.  Civil Local Rule 7-5(b) provides, "An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of [Federal Rule of Civil Procedure] 56(e), and must avoid conclusions and argument."  Federal Rule of Civil Procedure 56(e), in turn, states that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."

Mr. Henshall's declaration consists primarily of statements regarding the federal government's requirement that he present identification for entry into the courthouse, and regarding the prejudice he claims plaintiff will suffer if he is prevented from entering the courthouse in order to represent her.[1]  As Host points out in its motion to strike, the majority of Mr. Henshall's statements are conclusory and argumentative.  For example, Mr. Henshall avers that he has "been rendered unable to actively participate in these proceedings pursuant to the exercise of some ***unknown*** authority without any apparent support from any provision(s) of the ***Constitution of the United States {1787-1791}***"; that acquiring the necessary identification would have "the effect of compromising, if not destroying, [his] status and standing as a lawful de jure jus sanguinis and jus soli free white State Citizen"; and that denial of his assistance will preclude plaintiff "from presenting the case to the jury such as to be able to secure

---

[1] As the parties are no doubt aware, the Court is well acquainted with Mr. Henshall, having presided over four cases brought by him and having recently imposed a vexatious litigant pre-filing order against him as a result of his most recent action.  *See* Dec. 29, 2009 Order (Docket No. 45), *Henshall v. Central Parking, Inc., et al.*, No. 09-4481 SI.

a verdict, let alone the ***unanimous*** verdict required in federal court." Henshall Decl. at 4-8.

Although some of Mr. Henshall's statements are facts as to which he may claim personal knowledge (e.g., *id.* at 4 ("Plaintiff has turned to me to be of assistance and I have offered my services in this regard"; "I have been assisting Plaintiff as a sort of 'next friend' and/or de facto counsel"); *id.* at 5 ("I have advised Plaintiff that I cannot procure any 'qualifying ID' for entry into the court")), these statements are wholly irrelevant to plaintiff's motion to remand. As defendant Host points out, Mr. Henshall is not a member of the State Bar nor the Bar of this Court.[2] Thus, whether plaintiff will be disadvantaged by Mr. Henshall's inability to assist her is immaterial to the Court's resolution of plaintiff's motion, and Mr. Henshall's statements to that effect are not appropriate for consideration. Accordingly, the Court GRANTS Host's motion to strike Mr. Henshall's declaration from the record. *See* Civ. Local R. 7-5(b) ("An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.").

Second, Host moves to strike the supplementary memorandum of points and authorities submitted by plaintiff on November 30, 2009, two weeks after she had filed her motion to remand and a supporting memorandum. Plaintiff's supplementary memorandum is largely repetitive of the arguments made in her original memorandum. Federal Rule of Civil Procedure 12(f) provides that the Court may, on its own motion or by request of a party, "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." In addition, the Local Rules of this Court do not permit supplementary briefing without the Court's prior approval. *See* Civ. Local R. 7-2, 7-3.

Defendant Host's motion to strike plaintiff's supplementary memorandum is DENIED, but Plaintiff is advised that it is improper to file additional briefs in support of a motion without the Court's approval. The Court will not look favorably upon future repetitive filings and may be inclined to strike them from the record.

**II. Plaintiff's Motion to Remand**

Defendants removed this action to this Court on October 16, 2009, asserting that plaintiff's

[2] The Court grants Host's request for judicial notice of these facts.

4

claims arise under federal law. Plaintiff now moves to remand this matter back to state court on several grounds, including that the state court has concurrent jurisdiction over her claims, that this Court lacks federal question jurisdiction, and that she will be prejudiced if required to proceed in federal court.

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A motion to remand is the proper procedure for challenging removal, and remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *Id.* § 1447(c). The court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (U.S. 1921)). When ruling on a motion to remand, the court looks to the complaint to determine whether the plaintiff's claims "arise under" federal law. *See Miller v. Grgurich*, 763 F.2d 372 (9th Cir. 1985).

Defendants advanced two arguments in favor of removal. First, defendants stated that because plaintiff's wrongful termination claim against defendant Host requires interpretation of the terms of the CBA, it is preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and therefore arises under federal law. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). Second, defendants asserted that plaintiff's claim against defendant Local 2 for failure to perform the duty of fair representation arises under Section 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(a). The Court will address each claim in turn.

### A.    Section 301 of the LMRA

Section 301 of the LMRA provides, "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . may be brought in any district court of the United States having jurisdiction of the parties, without

5

respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185. It is well-settled that Section 301 preempts all state law claims that require interpretation of the terms of a CBA. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988); *see also Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) ("A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301.").

Resolution of plaintiff's wrongful termination claim, as stated in her complaint, clearly will require the Court to interpret the terms of the CBA. Plaintiff's claim is expressly based on the allegation that Host breached the terms of the CBA. *See* Complaint at 4 ("Defendant Host did, in effect, wrongfully and constructively terminate Plaintiff from her job in plain violation of Section 38 of the Collective Bargaining Agreement"); *id.* at 10 ("[T]he only authority on the subject matter of seniority is found in *Section 26(d)(1-7)* of the *CBA* . . . which specifies conditions which can result in a break in seniority. *No such conditions exist*, or existed, at any time material hereto.") (original emphasis).

To fall under Section 301, the dispute must also arise in an "industry affecting commerce," defined as "any industry or activity in commerce or in which a labor dispute would burden or obstruct commerce or tend to burden or obstruct commerce or the free flow of commerce." 29 U.S.C. § 142(1). In a conclusory fashion, plaintiff "denies that her job was involved in any way with, or has any effect upon, interstate commerce." Brief in Supp. of Mot. to Remand, at 12. However, courts have construed the term "industry affecting commerce" liberally in order to effectuate Congress's intent regarding federal jurisdiction of labor disputes. For example, the Fifth Circuit has held that the horseracing industry, as represented by a racetrack in Louisiana, affected commerce where it "attract[ed] patrons, horses, and jockeys from many states across the country," earned money from out-of-state patrons, and operated food service facilities selling "products presumably produced, processed, and manufactured outside Louisiana." *Pari Mutuel Clerks Union of La., Local 328 v. Fair Grounds Corp.*, 703 F.2d 913, 920 (5th Cir. 1983). The present case contains several parallel circumstances. Host's concessions attract and serve customers from numerous states and countries, earn money from those customers, and likely sell products manufactured outside California. Plaintiff and other food servers at Host's concessions are therefore engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. § 142(1).

1      Because all the jurisdictional prerequisites of Section 301 are met, plaintiff's claim for wrongful

2 termination clearly arises under federal law and was properly removed to this Court.[3]

3

4      **B.**      **Section 9(a) of the NLRA**

5      Plaintiff's primary cause of action against Local 2 alleges that the union failed to perform its

6 duty of fair representation. The "duty of fair representation is a statutory duty implied from the grant

7 to the union by section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), of exclusive power

8 to represent all employees of the collective bargaining unit." *Retana v. Apartment, Motel, Hotel &*

9 *Elevator Operators Union, Local No. 14, AFL-CIO*, 453 F.2d 1018, 1021-22 (9th Cir. 1972). Because

10 the duty of fair representation "is derived from the LMRA, it is defined solely by federal law and

11 preempts the application of state substantive law that seeks to regulate conduct within its ambit."

12 *Madison v. Motion Picture Set Painters & Sign Writers Local 729*, 132 F. Supp. 2d 1244, 1256 (C.D.

13 Cal. 2000) (citation omitted). Accordingly, plaintiff's claims against Local 2 also arise under federal

14 law and were properly removed to this Court.

15

16      **C.**      **Plaintiff's remaining arguments**

17      Plaintiff contends that she will be prejudiced if forced to proceed in federal court. Plaintiff

18 asserts that she lacks training in "arcane federal law," that defense counsel will have an "overwhelming

19 advantage" with "matters like voir dire, jury instructions, and rules of evidence," that defendants "will

20 rely upon the expertise of their licensed, trained counsel to ***stack the jury*** in favor of their clients and

21 all but assure that the verdict goes in their favor," that this Court is likely to "violat[e] the doctrine of

22 separation of powers by combining at least the legislative and judicial departments of government."

23 Mot. to Remand at 3-6 (original emphasis). Although the Court recognizes the disparity in legal

24 knowledge between plaintiff and defense counsel, that disparity would also be present in state court, and

25

26      [3] The same is true for plaintiff's third and fourth causes of action (negligent infliction of
emotional distress and breach of the covenant of good faith and fair dealing), as these claims arise from

27 the same facts as the wrongful termination claim. *See* Complaint at 6-8. In any event, given the shared
nucleus of facts, the Court may exercise supplemental jurisdiction over these claims pursuant to 28

28 U.S.C. § 1367(a).

7

**United States District Court**
For the Northern District of California

1  in any event does not provide a basis for remand. The remainder of plaintiff's statements are unfounded

2  accusations regarding the conduct of the Court and opposing counsel, and do not merit a response.

3  Notwithstanding plaintiff's obvious wish to proceed in state court, she has presented no

4  persuasive arguments showing that jurisdiction is improper in this Court. Plaintiff's motion to remand

5  is therefore DENIED.

6

7  **II.     Host's Motion to Dismiss**

8  Host moves to dismiss the causes of action asserted against it for failure to state a claim under

9  the LMRA. As discussed at length above, Host is correct that plaintiff's claim of violations of the terms

10  of the CBA arises under Section 301 of the LMRA. Thus, plaintiff's claim "must either be treated as

11  a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v.*

12  *Lueck*, 471 U.S. 202, 209-10 (1985). Given plaintiff's pro se status, the Court will opt for the former,

13  more generous approach and assess the claims as though pled under Section 301, rather than dismissing

14  them outright as preempted by federal law.

15  To state a claim under Section 301 of the LMRA, plaintiff must adequately plead exhaustion of

16  the grievance procedures set forth in the CBA. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151,

17  163 (1983) ("It has long been established that an individual employee may bring suit against his

18  employer for breach of a collective bargaining agreement. Ordinarily, however, an employee is required

19  to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining

20  agreement." ) (citations omitted). Here, the parties' CBA sets forth detailed grievance procedures to

21  be followed in the event of a "dispute or difference of opinion between the Union and the Employer

22  involving the meaning, interpretation, application to employees covered by this Agreement, or alleged

23  violation of any provision of this Agreement." Agreement Between Unite Here Local 2 and Bay Area

24  Restaurant Group, § 39, ex. A to Powers Decl.[4] The grievance procedures include three steps, which

25  progress sequentially in case the employee is unsuccessful any given step. The employee must (1)

26

27  [4] The Court may consider the CBA in ruling on defendants' motion to dismiss because the CBA
    is incorporated by reference into plaintiff's complaint. *Biltmore Assocs., LLC v. Twin City Fire Ins. Co.*,
28  572 F.3d 663, 665 n.1 (9th Cir. 2009) ("A court may consider documents . . . that are incorporated by
    reference into the complaint.").

8

submitt a complaint to the Host's Human Resource Manager; (2) file a request for a mediation by the Board of Adjustment, composed of two union representatives and two employer representatives; and (3) submit the dispute to an impartial arbitrator. *Id.*

Plaintiff's complaint fails to allege exhaustion of the arbitration procedures set forth in the CBA. Indeed, plaintiff specifically admits that she did not initiate a grievance. *See* Complaint at 14 ("With a successful outcome of the meeting of February 10th, 2009, it was not necessary for Plaintiff to insist that Defendant HERE Local #2 institute a grievance procedure on her behalf and go to mediation and/or arbitration[.]"). The complaint alleges only that plaintiff went through some sort of informal dispute resolution process that ultimately proved successful in reinstating her position on the seniority list. The complaint contains no allegations showing that plaintiff exhausted the CBA's grievance procedures with respect to the monetary claims she now seeks to assert.

There is, however, a limited exception to Section 301's usual exhaustion requirement, both as to claims against the employer and claims against the union, in situations in which the plaintiff has alleged that the union breached its duty of fair representation. *DelCostello*, 462 U.S. at 164. Under applicable case law,

> There are two situations in which a breach of the duty of fair representation excuses the exhaustion requirement: First, where the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance; second, where grievants allege a breach of the duty of fair representation with regard to negotiating the collective bargaining agreement.

*Carr v. Pac. Maritime Ass'n*, 904 F.2d 1313, 1319 (9th Cir. 1990) (internal quotation marks, alterations, and citations omitted) (original emphasis).

First, plaintiff has not alleged that the union wrongfully failed to process her grievance; indeed, she has not alleged that she instituted any grievance at all. Rather, plaintiff alleges that her dispute with the employer was successfully resolved in her favor, leaving nothing more for the union to do on her behalf. Second, the complaint contains no allegation to the effect that the union breached its duties in negotiating the CBA. Therefore, plaintiff cannot avail herself of the exception to Section 301's exhaustion requirement, and her claims against defendant Host are DISMISSED with leave to amend for plaintiff to allege facts showing that she has exhausted the grievance procedures available to her

9

1  pursuant to the CBA and explaining the outcome of those procedures.

2

3  **III.    Local 2's Motion to Dismiss**

4       Local 2 moves to dismiss the causes of action asserted against it on three grounds: first, because

5  they are time-barred; second, due to failure to allege exhaustion of the grievance procedures provided

6  for in the CBA; and third, for failure to state a claim for breach of the duty of fair representation.

7       Local 2 contends first that plaintiff's claims fall outside the statute of limitations set forth in

8  relevant federal labor law statutes. Under both Section 301 of the LMRA and Section 9(a) of the NLRA

9  (the statute setting forth the union's duty of fair representation), the applicable statute of limitations is

10 six months. *DelCostello*, 462 U.S. at 169. Plaintiff filed her complaint on August 7, 2009. Therefore,

11 to be timely, plaintiff's claims must have arisen no earlier than February 7, 2009. Local 2 contends that

12 plaintiff's claims are time-barred because, at the latest, plaintiff "was aware of the circumstances giving

13 rise to her Complaint by December 29, 2008," the date she complained of the union's alleged inaction

14 to the NLRB. Plaintiff responds that her complaint is timely because her claims accrued on February

15 10, 2009, the date she obtained reinstatement of her seniority status.

16       An employee is entitled to tolling of the applicable statute of limitations while pursuing

17 grievance procedures. *See, e.g.*, *Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Aloha*

18 *Airlines*, 790 F.2d 727, 738 (9th Cir. 1986). However, as explained in detail above, plaintiff does not

19 allege that she attempted to exhaust the grievance procedures provided for under the CBA. Thus, there

20 is no basis for tolling the statute of limitations. As plaintiff has provided no other basis for finding that

21 her claims against the union accrued any later than December 29, 2008, her claims are barred by the

22 applicable statute of limitations. Plaintiff's claims against Local 2 are therefore DISMISSED with leave

23 to amend to allege a basis for tolling the applicable statute of limitations, such as time spent exhausting

24 the CBA's grievance procedures.

25

26                                    **CONCLUSION**

27       For the foregoing reasons, defendant Host's motion to strike is GRANTED in part and DENIED

28 in part (Docket No. 28), plaintiff's motion to remand is DENIED (Docket No. 18), and defendants'

                                              10

1    motions to dismiss are GRANTED with leave to amend to allege facts showing exhaustion of available

2    grievance procedures and supporting tolling of the applicable statute of limitations. (Docket Nos. 9, 36).

3    Plaintiff's amended complaint must be filed **no later than Friday, January 29, 2010.**

4

5    **IT IS SO ORDERED.**

6    Dated: January 13, 2010

     SUSAN ILLSTON
7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28