IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINA LOPEZ, | No. C 09-04930 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| HMS HOST, INC., et al., | |
| Defendants. | |

Defendants Host International, Inc. ("Host") and Unite Here! Local 2 ("Local 2") have filed separate motions to dismiss plaintiff's First Amended Complaint. These motions are currently set for oral argument on March 19, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS the motions to dismiss with prejudice.

**BACKGROUND**

The background facts of this case are set forth in detail in the Court's January 13, 2010 order granting defendants' motions to dismiss plaintiff's original complaint. *See* Jan. 13, 2010 Order (Docket No. 47). In her First Amended Complaint ("FAC"), as in her original complaint, plaintiff brings claims for wrongful termination and violation of the covenant of good faith and fair dealing against defendant Host, a claim for failure to perform the duty of fair representation against defendant Local 2, and a claim for negligent infliction of emotional distress against both defendants. The claims are based on a temporary reduction in plaintiff's seniority in her position as a restaurant server employed by Host.

# DISCUSSION

## I. Host's Motion to Dismiss

As this Court has previously explained, Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, preempts all claims requiring interpretation of the terms of a collective bargaining agreement ("CBA"). *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988); *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988). Plaintiff's claims against Host all require the Court to interpret the provisions of the parties' CBA; therefore, the claims must be assessed as through pled under Section 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209-10 (1985).

The Court has explained that in order to state a claim under Section 301, plaintiff must plead exhaustion of the grievance procedures set forth in the parties' CBA. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). The Court previously granted plaintiff leave to amend her complaint in order "to allege facts showing that she has exhausted the grievance procedures available to her pursuant to the CBA and explaining the outcome of those procedures." Jan. 13, 2010 Order at *9-10. Plaintiff's FAC once again admits that she did not initiate a grievance. Plaintiff explains that she "had little confidence that any of the important points . . . would be applied or even understood by the Union in the grievance procedure," states that she could not afford to engage in "a protracted administrative process," and asserts that "there were simply not going to be any administrative remedies to exhaust in the instant case." FAC at 9-10, 14. As in her original complaint, plaintiff states that she went through an informal dispute resolution process and ultimately succeeded in having her seniority restored; therefore, "it was not necessary for Plaintiff to insist that [Local 2] institute a grievance procedure on her behalf." *Id.* at 12, 17.

Plaintiff's failure to initiate and follow the CBA's grievance procedure is fatal to her claims against Host, and her conclusory allegation that she did not trust the union to press her grievance, repeated verbatim from her original complaint, is insufficient to relieve her of the obligation to exhaust her claims. *See Vaca v. Sipes*, 386 U.S. 171, 184 (1967) ("[I]f the wrongfully discharged employee himself resorts to the courts before the grievance procedures have been fully exhausted, the employer may well defend on the ground that the exclusive remedies provided by such a contract have not been exhausted. . . . [I]t is settled that the employee must *at least attempt* to exhaust exclusive grievance and

2

arbitration procedures established by the bargaining agreement.") (emphasis added).

Despite the specific admonitions in the Court's prior dismissal order, plaintiff's FAC is simply a verbatim copy of her original insufficient complaint. Because it is apparent to the Court that plaintiff can state no set of facts that will remedy the deficiencies the Court has identified, plaintiff's claims against defendant Host are DISMISSED with prejudice.

## II.     Local 2's Motion to Dismiss

The Court previously dismissed plaintiff's claims against defendant Local 2 on the ground they were not filed within the applicable six-month limitations period. *See DelCostello*, 462 U.S. at 169. As observed in the Court's prior order, plaintiff's allegations establish that she was aware of the circumstances giving rise to her claims against the union as of December 29, 2008, the date she complained of the union's inaction to the NLRB. However, plaintiff's complaint was not filed until August 7, 2009, well outside the six-month limitations period.

The Court granted plaintiff leave to amend her complaint to attempt to allege a basis for tolling the statute of limitations, such as time spent pursuing contractual grievance procedures. *See Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Aloha Airlines*, 790 F.2d 727, 738 (9th Cir. 1986). As stated above, however, plaintiff has specifically alleged in her FAC that she did not engage in any grievance procedures. Plaintiff asserts in her opposition to defendants' motions to dismiss that the February 10, 2009 meeting at which she succeeded in having her seniority restored should be treated as part of the grievance procedure for tolling purposes. As Local 2 correctly points out, however, plaintiff's decision not to engage in the contractual grievance process does not provide her with a basis for tolling the statute of limitations. *Cf. Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 68 (2d Cir. 1995) ("A grieved employee cannot rely on a union's lack of response to informal correspondence to toll the statute of limitations when he has failed to invoke the formal grievance procedures available to him under a collective bargaining agreement.").

Because there is no basis for tolling the statute of limitations in this case, plaintiff's claims against Local 2 are DISMISSED. Because plaintiff's FAC simply repeats in a nearly verbatim fashion the defective claims against Local 2 that were asserted in her original complaint, the dismissal of the

3

claims against Local 2 is with prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown, defendants' motions to dismiss are GRANTED with prejudice. (Docket Nos. 50, 53).

**IT IS SO ORDERED.**

Dated: March 12, 2010

SUSAN ILLSTON
United States District Judge